IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES BROADHEAD,** | : | |
| **Plaintiff,** | : | |
| vs. | : | **CIVIL ACTION 02-0851-WS-L** |
| **JACK TILLMAN, MR. JAMES, MR. JONES** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis filed this §1983 action on November 21, 2002. (Doc. 1 ) This action was referred to the undersigned Magistrate Judge pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the court for plaintiff's failure to prosecute and failure to obey the court's orders. (Docs. 42, 43)

## I.    PROCEDURAL BACKGROUND

1.    On November 21, 2002, plaintiff filed the present §1983 action alleging, in sum, that defendant, Officer Demarieo James, violated plaintiff's Eighth Amendment rights by subjecting him to cruel and unusual punishment as a result of an alleged beating. (Doc. 1). [1]  Plaintiff further alleges that

---

[1] Plaintiff alleges that on September 7, 2002, while incarcerated at Mobile County Metro Jail ("Metro Jail") he suffered injuries during an altercation with Officer James. Specifically, plaintiff claims that Officer James entered his cell, removed his badge, and "beat" him on his head, back, arms, legs, torso, and face for "no reason" with a sock containing a bar of soap. Plaintiff further claims that other

defendant Sheriff Jack Tillman violated his constitutional rights by not properly controlling his officers. (Doc. 7 at 5).

2.  On May 10, 2004, defendants filed a Special Report and Answer to the complaint denying plaintiff's allegations and asserting the defenses of sovereign and qualified immunity. (Docs. 30, 31, 32). Additionally, defendants maintained that plaintiff's alleged injuries were caused by his own misconduct. (Doc. 30).

3.  On August 17, 2004, the Court ordered that defendants' Special Report and Answer be treated as a Motion for Summary Judgment and advised plaintiff that he could file a response to the Motion on or before September 16, 2004. (Doc. 33)

4.  On September 13, 2004, and September 20, 2004, plaintiff filed responses in opposition to defendants' Motion for Summary Judgment, reasserting the claims alleged in his complaint. (Docs. 35, 36).

5.  On November 12, 2004 the undersigned Magistrate Judge entered a report and recommendation granting in part and denying in part defendants' motion for summary judgment. The undersigned recommended that defendant Tillman's motion for summary judgment in his official capacity <u>and</u> in his individual capacity, along with defendant James' motion for summary judgment in his official capacity, be granted. However, the undersigned concluded that there existed a genuine issue of material fact as to whether the defendant, James, was liable in his individual capacity and recommended that this action be set for a bench trial on the remaining issue. (Doc. 40)

---

Metro Jail correctional officers had to stop the beating, and that he was examined by the Metro Jail medical staff for his injuries.

6. On December 22, 2005, District Judge William H. Steele entered an order adopting the report and recommendation. (Doc. 41)

7. On December 22, 2005, the court entered an order setting an evidentiary hearing on the sole remaining claim - - whether defendant James was liable in his individual capacity for his alleged actions against the plaintiff. (Doc. 42) At that time the court also issued a scheduling order directing, among other things, that the plaintiff submit a witness list to the court no later than February 25, 2005. (Id.) Plaintiff failed to respond to the court's order.

8. On March 3, 2005 the court entered an order directing plaintiff to respond on or before March 14, 2005 and advise the court whether he intended to proceed with the litigation and to show cause why he failed to comply with the court's previous order. (Doc. 44) Plaintiff was specifically warned that the failure to comply with the court's order would result in a recommendation of dismissal. (Id.) Plaintiff failed to respond to the court's order in any manner.

9. On March 18, 2005 the court entered an order cancelling the evidentiary hearing. (Doc. 45)

## II. DISCUSSION

On December 22, 2004 the court entered a scheduling order directing that plaintiff submit to the court, no later than February 25, 2005, a list of witnesses he planned to have testify at the April 6, 2005 evidentiary hearing. (Doc. 42) Plaintiff failed to file a witness list as directed or otherwise respond to the court's order. The order was not returned to the court as undeliverable for any reason.

On March 3, 2005 the court entered an order directing plaintiff to respond on or before March 14, 2005 and advise the court whether he intended to proceed with this litigation and directing plaintiff

to show cause why he failed to comply with the court's scheduling order. (Doc. 43) Plaintiff was warned that his failure to respond would result in a recommendation of dismissal. Notwithstanding this admonishment, plaintiff again failed to respond in any manner to the court's order. Plaintiff's copy of the court's order has not been returned to the court for any reason. Moreover, plaintiff has not communicated with this court in any manner since these orders were entered.

Due to plaintiff's failure to comply with the court's orders the undersigned concludes that plaintiff has abandoned the prosecution of his action. Upon consideration of the alternatives available to the court and of the time and resources expended by defendants in defending this action, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. See Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### III. CONCLUSION

For the reasons stated herein, it is the recommendation of the undersigned Magistrate Judge that plaintiff's complaint be dismissed for failure to comply with the court's orders and failure to prosecute.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 21st day of March, 2005.

/s/ Kristi D. Lee
**KRISTI D . LEE**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**KRISTI D. LEE**
**UNITED STATES MAGISTRATE JUDGE**